IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-06-378-02**
:
**v.** :
:
**ANTWOYNE NEAL** :

# **M E M O R A N D U M**

## **I.       Background**

Before the court is Antwoyne Neal's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 499). The motion has been briefed and is ripe for disposition.

Neal raises issues of incompetency of counsel as to the following: (1) the amount of drugs ultimately attributed to him; and (2) the failure to argue against an enhancement as to a leadership role in the offense. A review of the record and transcripts of the change of plea and sentencing proceedings, as well as the opinion of the Court of Appeals for the Third Circuit, conclusively show that Neal is not entitled to relief. Thus, for the reasons set forth below, this court will deny the requested relief without a hearing. *United States v. Nahodl*, 36 F.3d 323, 326 (3d Cir. 1994).

## **II.      Incompetency of Counsel**

### **A. Standard**

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both

*Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by

2

counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (ed cir. 2005). With the above precepts in mind, Neal's claims will be addressed.

### B. Amount of Drugs Attributed to Neal

Neal claims that his counsel "told him that [he] was pleading guilty to 150-200 grams of cocaine base," however, an additional five kilograms of powder cocaine was calculated into the determination of his offense level. (Doc. 500 at pp. 2-3.) Neal claims he knew nothing about the five kilograms of cocaine base attributed to him. (*Id.*)

Neal further alleges that counsel advised him the statutory maximum of 20 years would not be given to him, and that his guideline range would be 32 with a three-level reduction for acceptance of responsibility, for a guideline range of 29, a criminal history of IV, resulting in a sentencing range of 121 to 151 months. (Doc. 500 at p. 3.) Neal received a sentence of 168 months.

The following excerpts from the change of plea proceeding dispute Neal's allegations:

> MR. BEHE: The United States has reserved to itself the right to make a sentencing recommendation that it deems appropriate including up to the maximum term of imprisonment that is allowable under law which would be in this case a term of imprisonment of up to 20 years.
>
> The parties have agreed to make a non-binding recommendation to the Court concerning drug weights. And in particular with regards to crack cocaine, the parties have agreed to make a non-binding recommendation that the amount is at least 150 grams but less than 500 grams of cocaine base; and with regards to cocaine hydrochloride, that the amount in question is 5 kilograms.

(Transcript of Change of Plea Proceeding ("Tr. COP"), Doc. 514, at p. 7.)

. . .

3

>    THE COURT: Have there been any promises made to your by anyone else that have not been set forth in this written plea agreement?
>
>    THE DEFENDANT: No, ma'am.
>
>    THE COURT: Has anyone promised you what your sentence would be?
>
>    THE DEFENDANT: No, ma'am.
>
>    THE COURT: In that regard, do you understand that the maximum penalty for this offense could be imprisonment for a term of 20 years, a fine of $1 million, or both, a term of supervised release of three years, costs of prosecution, denial of certain federal benefits, and a special assessment of $100.00?

(Tr. COP, Doc. 514, at pp. 8-9.)

. . .

>    THE DEFENDANT: Yes, ma'am. I got a question.
>
>    THE COURT: Yes.
>
>    THE DEFENDANT: Mr. Behe just said that the weight amount was 150 to 500 grams.
>
>    THE COURT: Yes. Hold on.
>
>    MR. BEHE: I believe it's paragraph 9.
>
>    THE COURT: Yeah, I know. I have it. But that's on the powder cocaine.
>
>    MR. BEHE: No, that's on crack cocaine.
>
>    THE COURT: Crack cocaine.
>
>    MR. BEHE: Yes, Your Honor. In paragraph 10, the plea agreement specifically provides that the parties will make a non-binding recommendation.
>
>    THE COURT: Right, that the crack cocaine –
>
>    MR. BEHE: That the crack cocaine is at least 150 but less than 500 grams, and that for powder cocaine it would be 5 kilograms.

> THE DEFENDANT: So does that mean that I get sentenced for crack and powder?
>
> THE COURT: Well, yes.
>
> MR. BEHE: It does, because --
>
> THE COURT: Yes, it does.
>
> MR. BEHE: -- because of relevant conduct. The Court will be considering everything that was involved. This is what the parties agreed to. That's what you signed. And when the Court reads a pre-sentence report, we will be telling the probation officer that your conduct involved those drugs and those amounts.
>
> THE DEFENDANT: So I get two different sentences?
>
> MR. BEHE: No, you'll get one.
>
> THE COURT: You'll get one sentence, but it will take into consideration the total amount of both drugs.
>
> THE DEFENDANT: All right.
>
> MR. KREVSKY: Are you okay with that?
>
> THE DEFENDANT: Yeah, I'm all right with it. I'm all right with it.
>
> MR. KREVSKY: He says he's all right with it.

(Tr. COP, Doc. 514, at pp. 9, 10, 11.)

Furthermore, prior to sentencing, testimony was received from a DEA agent who interviewed Neal. Neal's post-arrest statements were the basis, in part, for the computation of the drug amounts. (Transcript of Sentencing Proceeding ("Tr. Sent."), Doc. 429 at pp. 4-13.)

This court finds that Neal's statements that he had no knowledge that his offense level would include the 1.5 kilos of powder cocaine completely false. Neal has not sustained his allegation of incompetency of counsel on the issue.

5

### C. Leadership Enhancements

Neal alleges that the leadership role assessed against him was erroneous. He does not appear to connect this claim to incompetency of counsel but alleges that the enhancement is contrary to the guidelines commentary notes. (Doc. 500 at p. 4.)

This issue was raised on direct appeal. The court of appeals addressed this issue as follows:

> Neal further contends that the District Court improperly applied a leadership enhancement to his sentence, in spite of his alleged lack of control over other individuals. He argues that he lacked decision-making authority, was a "low-level grunt," never recruited anyone to join in the conspiracy, played no part in the planning or organizing, and obtained smaller quantities of cocaine than his codefendants. This argument is well rebutted by the record. Sentencing enhancement for a manager or supervisor under U.S.S.G. § 3B1.1(c) is appropriate where a person "directed and controlled at least one individual." *United States v. Bethancourt*, 65 F.3d 1074, 1081 (3d Cir. 1995). The probation officer properly determined – based on Neal's own admissions – that Neal played a leadership role by utilizing numerous distributors to sell his crack cocaine, and was thus a leader, manager or supervisor in the criminal activity. Neal's self-described role" in distributing drugs – and his failure to deny the accuracy of the Pre-Sentence Investigation Report – confirms that the District Court did not clearly err in adopting the factual findings of the Report.

(*United States v. Neal*, No. 09-1687 (3d Cir. Nov. 8, 2010) (Doc. 458-2) at p. 8.) Thus, this issue has been previously addressed and decided against Neal.

**III.     Conclusion**

For the reasons stated above, the motion will be denied.  An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: October 22, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-06-378-02**
:
**v.** :
:
**ANTWOYNE NEAL** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion filed pursuant to 28 U.S.C. § 2255 (Doc. 499) is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                                                            s/Sylvia H. Rambo
                                                                     United States District Judge

Dated: October 22, 2012.